IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01248-BNB

TODD A. AURIT,

    Plaintiff,

v.

CHARLES OLIN, SOTMP Therapist,
ROBBIE BOLTIN, SOTMP Therapist,
JOE STROMMEL, Mgr of SOTMP,
BURL MCCULLAR, SOTMP, Prog. Mgr.,
RUSTY LANDER, MHD, SOTMP Cordinator [sic],
SHANE MARTIN, Head of Mental Health,
JOHN EVANS, Case Mgr., and
CAROL MORTON, Case Mgr.,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 23 2008

GREGORY C. LANGHAM
                CLERK

---

### ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Todd A. Aurit, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Colorado Territorial Correctional Facility in Cañon City. He has filed *pro se* a civil rights complaint pursuant to 42 U.S.C. § 1983 (2006) and 28 U.S.C. § 1343(a)(3) (1993) for injunctive relief and money damages.

In an order filed on July 2, 2008, Mr. Aurit was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (2006) and ordered to pay an initial partial filing fee of $67.00 within thirty days. On July 21, 2008, Mr. Aurit filed a letter asking the Court to accept payment of $25.00 as the initial partial filing fee. At the

same time he also tendered a check in the amount of $25.00. The clerk of the Court will be directed to deposit the $25.00 check as payment for the initial partial filing fee. Plaintiff is reminded that he is required to pay the full $350.00 filing fee in installments pursuant to the directives in the July 2 order granting him leave to proceed *in forma pauperis*.

The Court must construe the complaint liberally because Mr. Aurit is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Aurit will be ordered to file an amended complaint.

Mr. Aurit complains that he has been labeled as a sex offender without due process (claim one), that he has been denied certain programs at the Colorado Territorial Correctional Facility (claim two), and that he has been released him from having to register as a sex offender (claim three). However, he fails to allege any personal participation by the named defendants in the asserted claims. Personal participation by the named defendants is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) *Id.* Mr. Aurit must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable merely because of his or her supervisory

2

position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Aurit may use fictitious names, such as Jane or John Doe, if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Aurit uses fictitious names he must provide sufficient information about each defendant so that each defendant can be identified for purposes of service.

The amended complaint Mr. Aurit will be directed to file must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Aurit must assert, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights. In order for Mr. Aurit "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the complaint does not meet the requirements of Fed. R. Civ. P. 8 and that Mr. Aurit should be given an opportunity to file an amended complaint. He will be directed to do so below.

Finally, Mr. Aurit must provide sufficient copies of the amended complaint to serve each named defendant. The Court will not make the copies necessary for service. Therefore, Mr. Aurit should review his claims carefully to ensure that each named defendant personally participated in the asserted constitutional violations. Accordingly, it is

ORDERED that the clerk of the Court is directed to deposit the $25.00 check that Plaintiff, Todd A. Aurit, tendered on July 21, 2008, as payment for the initial partial filing fee. It is

FURTHER ORDERED that Plaintiff is reminded that he is required to pay the full $350.00 filing fee in installments pursuant to the directives in the July 2, 2008, order granting him leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. It is

FURTHER ORDERED that Mr. Aurit file **within thirty (30) days from the date of this order** an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 and that alleges each named defendant's personal participation in the asserted claims as discussed in this order. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Aurit, together with a copy of this order, two copies of the following form to be used in submitting the amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that Mr. Aurit submit sufficient copies of the amended complaint to serve each named defendant. It is

FURTHER ORDERED that, if Mr. Aurit fails to file an original and sufficient copies of an amended complaint that complies with this order to the Court's satisfaction within the time allowed, the complaint and the action will be dismissed without further notice.

DATED July 23, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01248-BNB

Todd A. Aurit
Prisoner No. 127586
Colorado Terr. Corr. Facility
PO Box 1010
Cañon City, CO 81215- 1010

    I hereby certify that I have mailed a copy of the **ORDER, a receipt for the full $39.00 filing fee, and two copies of the Prisoner Complaint form** to the above-named individuals on 7/23/08

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk