IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01248-REB-MEH

TODD A. AURIT,

    Plaintiff,

v.

CHARLES OLIN, SOTMP, Therapist,
ROBBIE BOLTON, SOTMP, Therapist,
JOE STROMMEL, Mgr. SOTMP,
BURL MCCLULLAR, Prog. Mgr. SOTMP,
RUSTY LANDER, MHD, SOTMP, Cord [*sic*],
SHANE MARTIN, Head of Mental Health,
JOHN EVANS, Case Mgr., and
CAROL MORTON, Case Mgr.,

    Defendants.

---

## RECOMMENDATION ON MOTION FOR SUMMARY JUDGMENT

---

**Michael E. Hegarty, United States Magistrate Judge.**

    Pending before the Court is Defendants' Motion to Dismiss [filed January 23, 2009; docket #33], which was converted to a Motion for Summary Judgment by this Court on April 14, 2009 [docket #48]. Pursuant to 28 U.S.C. § 636(b)(1)(B) and D.C. Colo. LCivR 72.1.C, the Motion has been referred to this Court for recommendation. The matter is fully briefed, and oral argument will not materially assist the Court in resolving the Motion. The Court recommends that, for the reasons stated herein, the Motion be **granted**.[1]

---

[1]Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file

## BACKGROUND

Plaintiff initiated this action on June 11, 2008 by filing a Prisoner Complaint against the above-named Defendants.  Following a July 23, 2008 order by Magistrate Judge Boland, the Plaintiff filed an Amended Complaint on August 5, 2008, which is the operative pleading in this matter.  *See* docket #10.  Plaintiff alleges that on September 12, 2005, when he entered the Colorado Department of Corrections, he was labeled an "S4T" sex offender in violation of his Fourteenth Amendment due process rights.[2]  *Id.* at 4.  Moreover, Plaintiff alleges that his Fifth Amendment rights against self-incrimination were violated when Defendants required him to admit to a sex offense during a November 2007 "administration hearing."  *Id.* at 6.  Plaintiff claims that he was denied representation during the hearing, and that a "new law" effective July 1, 2008 should have protected him from being classified.  *Id.*  Finally, Plaintiff alleges that he has suffered discrimination in being denied the ability to "live in certain areas of the facility," "enter into certain programs like the dog program," "work certain jobs like in the culinary arts program," and "have visits from [his] children."  *Id.* at 7.

In their motion, Defendants argue that claims arising from Plaintiff's classification in September 2005 are time-barred.  Docket #33 at 4.  Moreover, Defendants contend that the procedures at the November 2007 hearing were proper, that the "new law" is not retroactive, and that Plaintiff fails to allege a viable Fifth Amendment claim.  *Id.* at 6-10.  Further, Defendants assert

written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court.  *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

[2]Plaintiff also lists a violation of the Eighth Amendment; however, the Amended Complaint sets forth no facts in support of a claim for cruel and unusual punishment.  *See Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (the court need not supply factual allegations to round out a *pro se* complaint).  Rather, the Plaintiff appears to make a claim for due process under the Eighth Amendment; however, no such claim exists.

that Plaintiff's allegations fail to indicate that he was treated differently than similarly situated inmates, particularly since he and the other inmates have no rights to the deprivations he claims to suffer.  *Id.* at 10-12.  Finally, Defendants argue that they are entitled to qualified immunity since Plaintiff fails to establish any constitutional rights.  *Id.* at 12-14.

In a brief response to Defendant's motion, Plaintiff contends that he has never been convicted of any sex crimes and repeats his allegation that he was "labeled" as a sex offender in September 2005, arguing that he should not be classified as such since he was charged only with domestic violence and since the classification without a hearing violates CDOC procedures.  Docket #45 at 2.  Plaintiff did not respond to the other arguments advanced by Defendants.  *See id.*

Because neither party identified the purpose of the administrative hearing held in November 2007, the Court requested supplemental briefing from the parties on that single issue.  Defendants included such additional briefing in their Reply, and submitted an affidavit[3] in support of their arguments.  *See* docket #47.  Consequently, in accordance with Fed. R. Civ. P. 12(c), this Court converted the motion to a Motion for Summary Judgment and allowed additional briefing by the parties on the issues raised.  Docket #48.

Defendants state that the November 2007 hearing was held to determine whether Plaintiff should be classified internally by the Colorado Department of Corrections (CDOC) as a sex offender for purposes of registration and treatment.  Docket #47 at 1.  Plaintiff was notified in August 2007 that, due to the 1995 deferred judgment and sentence for charges of Sexual Assault I and Assault 3 in Arapahoe County, he would receive a hearing to determine whether CDOC would apply an S-4 classification.[4]  Docket #47-2 at ¶ 6.  Defendants contend that, although CDOC could have classified

---

[3]The Affidavit of Richard Lins, found at docket #47-2, meets the requirements of Fed. R. Civ. P. 56(e).

[4]Under the CDOC's coding system, "S4" refers to "[o]ffenders who have a history of sexual assaults or deviance for which they may not have been convicted. These cases often involve plea

Plaintiff as an S-5 offender based upon the guilty plea and deferred sentence (for which Plaintiff would have no opportunity for a hearing), it determined to provide Plaintiff a hearing on an S-4 classification since his sexual assault charge was eventually withdrawn following completion of probation. *Id.* at ¶¶ 10-13. The hearing took place on November 1, 2007, at which evidence concerning Plaintiff's Sexual Assault charge was presented. *Id.* at ¶¶ 9, 15. Following the hearing, CDOC classified Plaintiff as an S-4 sex offender. *Id.* at ¶ 16.

In response to this information and to the Court's order for additional briefing, Plaintiff claims that Defendants are biased and prejudiced toward him as he has had no sex convictions and no pattern of sexual misbehavior. Docket #49 at 1. He asserts that his S rating should be lowered based upon a "10&5" rule set forth in AR 700-19-E. *Id.* Plaintiff did not respond to the other arguments advanced by Defendants. *See id.*

## **DISCUSSION**

### I.    **Standard of Review**

#### A.    Summary Judgment under Fed. R. Civ. P. 56

Summary judgment serves the purpose of testing whether a trial is required. *Heideman v. South Salt Lake City*, 348 F.3d 1182, 1185 (10th Cir. 2003). The Court shall grant summary judgment if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A fact is material if it might affect the outcome of the suit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The non-moving party has the burden of showing that there are issues of material fact to be determined. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). The moving party bears the initial responsibility

---

bargains where the factual basis of the crime involved a sex offense." AR 700-19, IV(A), docket #33-2 at 2.

4

of providing to the Court the factual basis for its motion and identifying the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which reveal that there are no genuine issues as to any material facts, and that the party is entitled to summary judgment as a matter of law. *Id.* at 323; *Maldonado v. City of Altus*, 433 F.3d 1294, 1302 (10th Cir. 2006).

If the movant properly supports a motion for summary judgment, the opposing party may not rest on the allegations contained in his complaint, but must respond with specific facts showing a genuine factual issue for trial. *Hysten v. Burlington Northern and Santa Fe Ry.*, 296 F.3d 1177, 1180 (10th Cir. 2002); Fed. R. Civ. P. 56(e). These specific facts may be shown "'by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves.'" *Pietrowski v. Town of Dibble*, 134 F.3d 1006, 1008 (10th Cir. 1998) (quoting *Celotex*, 477 U.S. at 324). "[T]he content of summary judgment evidence must be generally admissible and . . . if that evidence is presented in the form of an affidavit, the Rules of Civil Procedure specifically require a certain type of admissibility, *i.e.*, the evidence must be based on personal knowledge." *Bryant v. Farmers Ins. Exch.*, 432 F.3d 1114, 1122 (10th Cir. 2005). "The court views the record and draws all inferences in the light most favorable to the non-moving party." *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. Pepsico, Inc.*, 431 F.3d 1241, 1256 (10th Cir. 2005).

B.   Review of a *Pro Se* Plaintiff's Complaint

A federal court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted). The court should not be the *pro se* litigant's advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## II.     Classification on September 12, 2005

The Plaintiff raises his constitutional claims in an action for damages pursuant to 42 U.S.C. § 1983.   Actions brought pursuant to Section 1983 are subject to the general personal injury limitation period of the state in which the action arose.  *Hunt v. Bennett,* 17 F.3d 1263, 1265 (10th Cir. 1994) (citing *Wilson v. Garcia,* 471 U.S. 261 (1985) (§1983 actions are subject to statute of limitation provided for general personal injury actions in state where action arose)).  In Colorado, the limitation on a personal injury claim brought pursuant to Section 1983 is two years.  *See* Colo. Rev. Stat. § 13-80-102(g) (creating a two-year limitation period for "[a]ll actions upon liability created by a federal statute where no period of limitation is provided in said federal statute" and for "[a]ll other actions of every kind for which no other period of limitation is provided"); *see also Blake v. Dickason,* 997 F.2d 749, 750 (10th Cir. 1993) (applying Colo. Rev. Stat. § 13-80-102 to a § 1983 claim).

Federal law, not state law, controls the issue of when a federal cause of action accrues. *Industrial Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 968 (10th Cir. 1994); *see also Baker v. Board of Regents of the State of Kansas,* 991 F.2d 628, 632 (10th Cir. 1993). The statute of limitations begins to run when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action. *United States v. Kubrick,* 444 U.S. 111, 121 (1979); *Baker,* 991 F.2d at 632; *Ohio v. Peterson, Lowry, Rall, Barber & Ross,* 651 F.2d 687, 692 (10th Cir.), *cert. denied,* 454 U.S. 895 (1981). A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence.  *Peterson,* 651 F.2d at 692.

Once a defendant satisfies his initial burden to show that a claim is untimely, the burden shifts to the plaintiff to establish a later accrual date of the statute of limitations or to show that there is a basis to toll the accrual date. *See, e.g., Olson v. Federal Mine Safety & Health Review Comm'n,*

6

381 F.3d 1007, 1014 (10th Cir. 2004) (citing *Aldrich v. McCulloch Props., Inc.,* 627 F.2d 1036, 1041 n. 4 (10th Cir. 1980)).  Although the statute of limitations is an affirmative defense, the issue may be resolved on a motion to dismiss where the application of the limitations period is apparent on the face of the complaint.  *See Dummar v. Lummis,* 543 F.3d 614, 619 (10th Cir. 2008); *see also Aldrich,* 627 F.2d at 1041 n. 4.

Here, it is undisputed that Plaintiff alleges constitutional claims arising from his classification as a sex offender on September 12, 2005.  He does not dispute that he knew about the classification at the time he was "labeled."  Therefore, Plaintiff was required to bring his claim on or before September 12, 2007.  However, Plaintiff initiated this action on June 11, 2008; he raises no arguments that the Court should consider a later accrual date or that there is any basis upon which to toll the accrual date.  Thus, the Court recommends that any claims arising as a result of Plaintiff's "S4T" classification in September 2005 be dismissed as barred by the statute of limitations.

### III.   Classification Hearing in November 2007

Plaintiff alleges that, at an "administration hearing" in November 2007, Defendants denied him due process in that he was not allowed representation during the hearing, was improperly subjected to a hearing despite a "new law" meant to protect him from sex offender classification, and was required to incriminate himself in violation of the Fifth Amendment.

#### A.   "No Representation" claim

An inmate who has not previously been convicted of a sex offense may be classified as a sex offender for purposes of a prison treatment program only if the prison affords him the procedural protections to which prisoners facing disciplinary sanctions involving liberty interests are generally

entitled. *Gwinn v. Awmiller*, 354 F.3d 1211, 1218 (10th Cir. 2004)[5] (citing *Neal v. Shimoda*, 131 F.3d 818 (9th Cir. 1997)). Those procedural requirements include notice of the charges, an opportunity to present witnesses and evidence in defense of those charges, and a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. *Id.* at 1219 (citing *Wolff v. McDonnell,* 418 U.S. 539, 555 (1974)).

Here, the Defendants claim that Plaintiff received notice of the classification hearing in August 2007 based upon the 1995 sexual assault charge in Arapahoe County. Plaintiff attended the hearing in November 2007, at which evidence of the sexual assault charge was presented.

Plaintiff challenges none of Defendants' statements nor the manner in which the hearing proceeded; rather, Plaintiff asserts that he was denied representation at the hearing in violation of his due process rights. However, the fact that CDOC officials did not provide Plaintiff with an attorney for the hearing did not violate his due process rights. *Gwinn*, 354 F.3d at 1219-20. Because prisoners do not "have a right to either retained or appointed counsel in disciplinary hearings," Plaintiff was not entitled to an attorney at the November 2007 hearing. *Id.* at 1220 (citing *Wolff,* 418 U.S. at 570). Therefore, the Court recommends finding that Plaintiff has failed to state a viable constitutional claim and to demonstrate any factual issues for trial regarding this claim.

B.    "New Law" claim

Construing the Amended Complaint liberally, Plaintiff claims that a "new law" that took effect July 1, 2008 should have protected him from being subjected to the classification hearing.

---

[5]In *Gwinn*, the Tenth Circuit found that the plaintiff claimed loss of earned good-time credits with his sex offender classification and, thus, possessed a liberty interest to which procedural protections would apply. In the within case, the Plaintiff does not claim a loss of earned good-time credits, but Defendants do not challenge whether Plaintiff is entitled to procedural protections. Therefore, the Court will assume for purposes of this Motion that the Plaintiff is entitled to procedural protections with his S-4 classification.

Defendants respond that Plaintiff is referring to an amendment to the Colorado Sex Offender Registration Act, Colo. Rev. Stat. § 16-22-103, which states: "On or after July 1, 2008, if the department of corrections receives a mittimus that does not indicate the necessary findings as required by section 16-22-103(2)(c)(II), the department shall notify the court and request that the court enter the necessary findings pursuant to section 16-22-103(2)(c)(II)." Colo. Rev. Stat. § 16-22-103(2)(d)(I) (2008). This section requires that any stipulation by a district attorney or finding by a court that the offense includes an underlying factual basis involving unlawful sexual behavior is binding on CDOC for purposes of classification. *See id.*

The Court agrees with Defendants that the amendment to the law, by its clear language, is not retroactive. Consequently, the law would not have applied to Plaintiff's classification in November 2007. Even if it had, the Plaintiff fails to explain, and the Court cannot decipher, how the amendment would prevent the hearing or his S-4 classification. Thus, because Plaintiff fails to state any viable due process claims and to demonstrate any issues of material fact sufficient to proceed to trial, this Court recommends finding that his Fourteenth Amendment due process claims be dismissed.

C.    "Self-Incrimination" claim

Plaintiff claims that, during the November 1, 2007 hearing, Defendants required him to admit to committing sexual assault as charged in Arapahoe County in 1995, and that such requirement violated his Fifth Amendment rights against self-incrimination. Defendants respond that the Fifth Amendment is not violated when a prison facility requires inmates to confess to sex crimes in order to participate in a sex offender treatment program.

The Court agrees with Defendants. In *McKune v. Lile*, the Supreme Court held that the adverse consequences faced by the prisoner in that case for refusing to make admissions required

for participation in a sexual abuse treatment program were not so severe as to amount to compelled self-incrimination.  536 U.S. 24, 38 (2002).  In *McKune*, the prisoner complained that, if he refused to make the admissions required by the sex offender treatment program, he would be transferred to a less desirable unit, lose his personal television, suffer reduced access to prison organizations and the gym, suffer a reduction in pay opportunities and canteen privileges, and experience restricted visitation rights.  *Id.*

Here, the Plaintiff does not allege that he has suffered any consequences as a result of refusing to make admissions during the November 2007 hearing or any time thereafter.  His only allegation is that Defendants "violated [his] 5th Const Amend rights wanting [him] to addmit [sic] to a sex offense in 1995 at an administration hearing held in Nov 2007."  Docket #10 at 6.  However, construing his pleading liberally, even if the Court were to assume that Plaintiff suffered the consequences of "not being able to live in certain areas of the facility," or "not being able to enter into certain programs like the dog program and work certain jobs like in the culinary arts program," or "not able to have visits from my children" [*see* docket #10 at 7], such restrictions do not rise to the level of compulsion as set forth in *McCune* and its progeny.  *See McKune*, 536 U.S. at 38; *see also Wirsching v. Colorado*, 360 F.3d 1191, 1203-04 (10th Cir. 2004) (changes in the prisoner's living conditions as well as restrictions on visits by his children did not constitute compulsion in violation of the Fifth Amendment).  Therefore, because Plaintiff states no viable Fifth Amendment violation and demonstrates no factual issues for trial, the Court recommends finding that Plaintiff's Fifth Amendment claim should be dismissed.

## IV.   Discrimination claim

Here, construing the Amended Complaint liberally, Plaintiff claims that he has suffered discrimination since entering the CDOC in "not being able to live in certain areas of the facility,"

or "not being able to enter into certain programs like the dog program and work certain jobs like in the culinary arts program," or "not able to have visits from my children." Defendants respond that Plaintiff fails to allege facts that would demonstrate he was treated differently than similarly situated inmates, and that he has no entitlement to any of the "rights" for which he has been allegedly deprived.

The Equal Protection Clause directs that the government treat similarly situated individuals the same absent a rational basis for disparate treatment. *See Christian Heritage Acad. v. Okla. Secondary Sch. Activities Ass'n,* 483 F.3d 1025, 1031 (10th Cir. 2007). Because Plaintiff "does not claim that the defendants treated him differently because of any suspect classification," he "must prove that the distinction between himself and other inmates was not reasonably related to some legitimate penological purpose." *Templeman v. Gunter,* 16 F.3d 367, 371 (10th Cir. 1994); *see also Helm v. Colorado,* 244 F. App'x 856, 859 (10th Cir. 2007) (unpublished). Plaintiff's equal protection claim here fails because he has not identified any inmate, similarly situated to himself, for whom Defendants have granted unrestricted visitation rights or access to the living or working conditions for which he claims he is deprived. *See Keck v. Zenon,* 240 F. App'x 815, 819-20 (10th Cir. 2007) (unpublished) (affirming dismissal of equal protection claim for failure to identify similarly situated inmates); *see also Abbott v. McCotter,* 13 F.3d 1439, 1441 (10th Cir.1994) (upholding dismissal of conclusory equal protection claim for frivolousness). Therefore, because Plaintiff fails to state a viable Equal Protection claim and demonstrate issues of material fact, the Court recommends finding that the claim be dismissed.

## V.     Qualified Immunity

The individual Defendants in this matter assert that they are entitled to qualified immunity from Plaintiff's claims for damages.

11

Qualified immunity protects government officials performing discretionary functions from individual liability unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

> In evaluating a claim for qualified immunity, the court must first determine whether, considered in the light most favorable to the plaintiff, the facts alleged state the violation of a [statutory or] constitutional right. . . . If so, the court must go on to determine whether the [statutory or] constitutional right was clearly established at the time of injury. . . . If the answer to either of these questions is no, the defendant is entitled to qualified immunity.

*PETA, People for the Ethical Treatment of Animals v. Rasmussen*, 298 F.3d 1198, 1207 (10th Cir. 2002) (citing *Saucier v. Katz*, 533 U.S. 194 (2001)).

Plaintiff makes no argument as to why the Defendants, in their individual capacities, are not entitled to qualified immunity, except to assert that he should not be classified as an S-4 sex offender. Based upon Plaintiff's failure to state viable constitutional claims in this matter, this Court recommends finding that the Defendants, in their individual capacities, enjoy qualified immunity from Plaintiff's claims for damages.

## **CONCLUSION**

Based upon the foregoing, this Court RECOMMENDS that the District Court **grant** Defendants' Motion to Dismiss [filed January 23, 2009; docket #33], which was converted by this Court to a Motion for Summary Judgment, and dismiss Plaintiff's claims with prejudice.

DATED this 7th day of May, 2009, in Denver, Colorado.

12

BY THE COURT:

 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge